FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2011 MAR 30 PM 1:25

R. Ack
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| AARON L. STEPHEN, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO.: CV211-006 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (Case No.: CR209-1) |
| | ) | |
| Respondent. | ) | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Aaron Stephen ("Stephen"), who is currently incarcerated at Rogers State Prison in Reidsville, Georgia, filed a motion pursuant to 28 U.S.C. § 2255 to set aside, vacate, or correct his sentence obtained in this Court in CR209-1. The Government filed a Motion to Dismiss, to which Stephen filed a Response. Based on the following, the Government's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Stephen was sentenced to 42 months' imprisonment, three (3) years' supervised release, and a $100.00 special assessment after he pled guilty to possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). (CR209-1, Doc. No. 30). Stephen timely filed a Notice of Appeal with the Eleventh Circuit Court of Appeals, and that court dismissed Stephen's appeal on September 16, 2009, for want of prosecution based on Stephen's

failure "to make satisfactory financial arrangements for the transcript within the time fixed by the rules[.]" (CR209-1, Doc. No. 42).

In this Motion, Stephen asserts that his trial counsel, B. Reid Zeh, III, was ineffective because he refused to represent him on appeal. Stephen also asserts that he was denied his right to appeal due to the Eleventh Circuit's dismissal of his appeal without review of the merits.[1] The Government responds that Stephen's motion should be dismissed, as his motion is untimely.

## DISCUSSION AND CITATION TO AUTHORITY

Section 2255 of Title 28 of the United States Code provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Motions made pursuant to this section are subject to a statute of limitations period. This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Stephen also asserts that he was denied access to the courts because he did not have access to legal assistance or an adequate law library. These assertions are not cognizable under section 2255, and, in fact, are the bases of Plaintiff's 42 U.S.C. § 1983 claim in pending Civil Action Number CV209-185.

2

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Eleventh Circuit dismissed Stephen's appeal on September 16, 2009, and Stephen had ninety (90) days after the entry of this judgment to file a petition for writ of certiorari with the United States Supreme Court, which he did not do. SUP. CT. R. 13.1. Thus, Stephen's conviction became "final" on December 15, 2009, and he had one (1) year from that date to file a timely § 2255 motion, or until December 15, 2010. 28 U.S.C. §2255(f)(1).[2] Stephen executed his § 2255 motion on January 6, 2011, and his motion was filed in this Court on January 11, 2011. Stephen's motion was filed no less than 22 days after the expiration of the applicable statute of limitations period. Houston v. Lack, 487 U.S. 266, 270-71 (1988) (a *pro se* prisoner's documents are considered timely filed at the time the prisoner delivers the pleading to prison officials for filing). Stephen's motion is untimely.

The undersigned notes Stephen's request for an evidentiary hearing. However, Stephen has made no proffer as to why he did not file this motion in a timely manner, nor does he make a proffer as to why an evidentiary hearing is required. Thus, Stephen's request for an evidentiary hearing is **DENIED**.

---

[2] Stephen does not assert any basis for the statute of limitations period to begin on the dates described in 28 U.S.C. § 2255(f)(2)-(4). Thus, section 2255(f)(1) provides the appropriate triggering event for the applicable statute of limitations period.

3

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Stephen's motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**, with prejudice, as it was not timely filed.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 30th day of March, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)