IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

AARON L. STEPHEN, )
 )
     Petitioner, ) CIVIL ACTION NO.: CV211-006
 )
v. )
 )
UNITED STATES OF AMERICA, ) (Case No.: CR209-1)
 )
     Respondent. )

# ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Aaron Stephen ("Stephen") asserts that he is entitled to equitable tolling of the applicable statute of limitations.

A prisoner seeking equitable tolling must establish that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way which prevented him from timely filing his § 2255 motion. Foley v. United States, No. 10-13739, 2011 WL 1207623, at *1 (11th Cir. Apr. 1, 2011) (citing Diaz v. Sec'y of Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a prisoner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, \_\_\_ U.S. \_\_\_, 130 S. Ct. 2549 (2010). "'The burden of establishing

entitlement to this extraordinary remedy plainly rests with'" the prisoner. <u>Id.</u> (quoting <u>Drew v. Dep't of Corr.</u>, 297 F.3d 1278, 1286 (11th Cir. 2002)).

Stephen has not presented any evidence that some extraordinary circumstance prevented him from timely filing his 28 U.S.C. § 2255 motion. Thus, Stephen has not met his burden of establishing that he is entitled to the extraordinary remedy of equitable tolling of the statute of limitations. Stephen's Objections are **overruled**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Stephen's motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255, is **DISMISSED**, with prejudice, as it was not timely filed. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 4 day of May, 2011.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)